UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA,

      Petitioner,

v.                                        Case No:  2:18-cv-728-FtM-38CM

LIONEL PEQUENO,

      Respondent.

### REPORT AND RECOMMENDATION[1]

This matter comes before the Court upon the United States' Petition to Enforce Internal Revenue Service ("IRS") Summons ("Petition") filed on October 31, 2018. Doc. 1.[2] The United States seeks to enforce an IRS summons served upon Respondent Lionel Pequeno. *Id.* at 1. The Court held a hearing on January 8, 2019, for which Respondent did not appear. Doc. 8. For the reasons stated below,

---

[1] A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

[2] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

the Court respectfully recommends the Petition be granted and the summons be enforced.

The Petition states that the IRS is investigating the income tax liability of Respondent for the taxable periods ending December 31, 2008; December 31, 2009; December 31, 2010; December 31, 2011; and December 31, 2012. Doc. 1 at 1-2. The Petition further alleges that Respondent is in possession of testimony and other documents relevant to the investigation; the documents and other records sought by the summons are not already in the IRS's possession; the IRS has taken all administrative steps required by the Internal Revenue Code prior to issuance of the summons; and it is necessary to obtain the testimony and documents sought by the summons to determine Respondent's tax liability. *Id.* at 2-3. The United States alleges the IRS issued a summons directing Respondent to appear before a revenue officer on March 23, 2018 to testify and produce documents, Respondent failed to appear, and he continues to refuse to comply with the summons. *Id.* at 2.

Along with the Petition, the United States filed a sworn declaration of the revenue officer who issued the summons, Steven Sillars, and the summons itself. Docs. 1-1, 1-2. The declaration states the revenue officer served the summons on Respondent on February 21, 2018 by leaving a copy at his last and usual place of abode, 410 F Road, Labelle, Florida. Doc. 1-1 at 2; *see* Doc. 1-2 at 1-2. The declaration further states, similar to the Petition, that Respondent failed to appear on the requested date of March 23, 2018; the records and documents sought by the summons are not already in the IRS's possession; all administrative steps required

for the issuance of the summons have been completed; no recommendation for criminal prosecution of Respondent had been made as of the date of the declaration; and it is necessary to obtain the testimony and records sought by the summons to determine Respondent's tax liability.  Doc. 1-1 at 2-3.

The Court issued an Order on November 1, 2018, directing Respondent to appear before the undersigned on January 8, 2019 at 10:00 a.m. to show cause why he should not be compelled to comply with the summons.  Doc. 2 at 1.  The Order directed a revenue officer to serve Respondent with the Petition and Order in accordance with Rule 4 of the Federal Rules of Civil Procedure and file proof of service as soon as practicable.  *Id.* at 1-2.  The Order directed Respondent that, if he opposed any portion of the Petition, he must file the opposition in writing at least 14 days prior to the hearing date.  *Id.* at 2.  The Order further stated that at the hearing, only the issues brought into controversy by Respondent's opposition would be considered, and any uncontested allegation in the Petition would be deemed admitted.  *Id.*  The United States filed proof of service on November 14, 2018, in which a revenue officer states he served Miguel Pequeno[3] with the Petition and Order on November 13, 2018 at 410 F Road, Labelle, Florida.  Doc. 4.  Respondent, however, did not file a written response to the Order and failed to appear at the time

---

[3] The return of service does not state who Miguel Pequeno is, his age, or his relation to Respondent.  *See generally* Doc. 4.  The Court notes, however, that service was effected at Respondent's last known residence at 410 F Road, Labelle, Florida.  *Id.*  At the hearing, the United States represented that the officer served the summons in accordance with Rule 4 of the Federal Rules of Civil Procedure.  *See* Doc. 8.

scheduled for the hearing. The United States requested at the hearing that the Court enforce the summons.

The United States Supreme Court has held that an IRS summons is to be judicially enforced upon a showing that: (1) the investigation is being conducted for a legitimate purpose; (2) the inquiry may be relevant to the purpose; (3) the information sought by the summons is not already within the IRS's possession; and (4) the IRS has followed the administrative steps required by the Internal Revenue Code for issuance of a summons. U.S. v. Powell, 379 U.S. 48, 57-58 (1964). The United States may make this "minimal" showing by filing with the petition the sworn affidavit or declaration from the revenue agent who issued the summons; upon such a showing, the burden shifts to the respondent to oppose enforcement of the summons. Matter of Newton, 718 F.2d 1015, 1019 (11th Cir. 1983); U.S. v. Davis, 636 F.2d 1028, 1034 (5th Cir. 1981).

Here, the United States has met its burden through the Petition and the declaration of the revenue officer who issued the summons, and Respondent has failed to oppose enforcement of the summons. See Doc. 1; Matter of Newton, 718 F.2d at 1019; Davis, 636 F.3d at 1034. Thus, the Court respectfully recommends the Petition be granted, the summons be enforced, and Respondent be ordered to comply with the requirements of the summons and appear before an appropriate revenue officer to produce the documents and testimony requested by the summons upon terms prescribed by the officer.

ACCORDINGLY, it is respectfully

**RECOMMENDED:**

1. The United States' Petition to Enforce Internal Revenue Service Summons (Doc. 1) be **GRANTED.**

2. The Court issue an Order **ENFORCING** the summons and Respondent be ordered to comply with its requirements and appear before a revenue officer upon terms prescribed by the officer.

**DONE** and **ENTERED** in Fort Myers, Florida on this 9th day of January, 2019.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record
*Pro se* parties